**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TRACY ARAKELIAN and DAREN**
**ARAKELIAN,** *Individually and as*
*Parents and Natural Guardians of*
*C.A., an Infant,*

                **Plaintiffs,**            **No. 08-CV-970**
                                         **(GLS-DRH)**

      **v.**

**TARGET, TARGET CORPORATION,**
**NORTHSTAR PARTNERING GROUP,**
**SUMMIT HEALTH, INC.,** *and*
**FAVORITE HEALTHCARE STAFFING, INC.,**

                **Defendants.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Office of E. Stewart Jones, Jr.      E. STEWART JONES, JR., ESQ.
28 Second Street
Jones Building
Troy, NY 12180

**FOR THE DEFENDANTS:**

**Target and Target Corporation**
Carter, Conboy Law Firm        EDWARD D. LAIRD, JR., ESQ.
20 Corporate Woods Boulevard   WILLIAM J. DECAIRE, ESQ.
Albany, NY 12211

**Northstar Partnering Group**

Thorn, Gershon Law Firm- Albany          ERIN P. MEAD, ESQ.
5 Wembley Court, New Karner Road          MATTHEW McNAMARA, ESQ.
P.O. Box 15054
Albany, NY 12212-5054

**Summit Health, Inc.**
O'Connor, O'Connor Law Firm- Albany    TERENCE P. O'CONNOR, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

**Favorite Healthcare Staffing, Inc.**
Wilson, Elser Law Firm- Albany          ELIZABETH J. GROGAN, ESQ.
677 Broadway- 9th Floor                 THOMAS M. WITZ, ESQ.
Albany, NY 12207-2996

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

This matter is before the court on defendants Target, Target

Corporation, Northstar Partnering Group ("Northstar"), Summit Health, Inc.

("Summit"), and Favorite Healthcare Staffing, Inc.'s ("Favorite") motions to

dismiss, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the

complaint filed by plaintiffs Tracy and Daren Arakelian (collectively "the

plaintiffs").  Following review of the parties' briefs, the record on the matter,

and the relevant law, the court grants the motion filed by Favorite, but

denies the motions filed by the other defendants.

## DISCUSSION

2

On this diversity action, the plaintiffs' main contention is that their infant child sustained injuries as a result of defendants' improper administration of an influenza vaccine.  However, asserting that plaintiffs have failed to exhaust their administrative remedies under the National Childhood Vaccine Act of 1986 (the "Act"), 42 U.S.C. §§ 300aa-1 to 300aa-34, the defendants have moved to dismiss the plaintiffs' complaint.

Defendants filed their motions to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Thus, the court construes the "complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor."  *See Liu v. Bureau of Citizenship and Immigration Servs.,* 2009 WL 833349 (2d Cir. 2009) (reviewing a ruling under Rule 12(b)(1)); *Rescuecom Corp. v. Google Inc.,* __ F.3d __, 2009 WL 875447 (2d Cir. 2009) (reviewing a ruling under Rule 12(b)(6)).  The plaintiffs' complaint, however, "must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Gurfein v. Ameritrade, Inc.,* 2009 WL 485062, at *1 (2d Cir. 2009) (citations, quotations, and modification omitted).  "A complaint need not detail factual allegations, but it must contain more than 'labels and

3

conclusions.'" *Id.* (citing *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007)).

"The Vaccine Act was enacted by Congress, ostensibly as a federal mechanism beyond the traditional tort law paradigm to provide a trust fund for claimants asserting that they had been harmed through the use of childhood vaccines." *McDonal v. Abbott Labs.,* 408 F.3d 177, 184 (5th Cir. 2005) (citing *Schafer v. Am. Cyanamid Co.,* 20 F.3d 1, 2 (1st Cir. 1994)). "Under the Vaccine Act, an individual may not bring a civil action in either state or federal court in excess of $1,000 in damages arising from a 'vaccine-related injury or death' involving the administration of a vaccine unless a petition is first filed with [the] United States Court of Federal Claims." *Id.* (citing 42 U.S.C. § 300aa-11(a)(2)(A)). "If such a barred civil action is indeed brought, the state or federal court is required to dismiss the action in its entirety." *Id.* at 184-85 (citing 42 U.S.C. § 300aa-11(a)(2)(B)). However, "[t]he Vaccine Act does not apply to all vaccine-related lawsuits, [it] only [applies to] those brought against a 'vaccine administrator or manufacturer.'" *Moss v. Merck & Co.,* 381 F.3d 501, 503 (5th Cir. 2004) (citation omitted).

Here, defendants' main contention is that they are all administrators

4

under the Act, thus, plaintiffs' action should be dismissed.  Plaintiffs

concede that Favorite is an administrator under the Act and agree that

Favorite's motion should be granted.  (Plaintiffs' Brief at p. 4.)  Plaintiffs,

however, oppose the other defendants' motions contending they are not

administrators under the Act.

The definition of administrator is not found in the Act.  *Amendola v.
Sec'y, Dept. of Health and Human Servs.,* 989 F.2d 1180, 1186 (Fed. Cir.
1993).  A few courts, however, have attempted to provide a definition for

the term.  These courts have indicated that, under the Act, "administrator"

is "the one who actually inoculates the individual."  *Klahn v. Sec'y of Dept.
of Health & Human Servs.,* 31 Fed. Cl. 382, 389 (1994); *Cook v. Children's
Med. Group,* 756 So.2d 734, 740 (Miss. 1999).  Most recently, in *Crucen ex
rel. Vargas v. Leary,* 867 N.Y.S.2d 49 (1st Dep't. 2008), a New York state

court defined an administrator as either one who "directly administered

covered vaccines or treated plaintiff for injuries that arose shortly

thereafter."  *Crucen,* 867 N.Y.S.2d at 51.

Here, defendants contend their motions should be granted because

the complaint identifies them all as administrators.  Defendants also

contend the purpose of the Act reflects that they should be considered

administrators and that it is reasonable to treat them as such.  However, after reviewing the complaint and the relevant law, the court determines that the complaint lacks detail as to precisely what specific role each of these defendants played in this action.  A detailed explanation of the defendants' specific role will certainly aid the court in determining which, if any, of these defendants were "administrators" under the Act.  Keeping in mind the limited meaning the courts have applied to the term "administrator" under the Act, this court is not prepared to dismiss the plaintiffs' action.  The plaintiffs' claim that defendants are administrators is a subject for discovery.  Accordingly, the defendants' motions, with the exception of that filed by Favorite, will be denied.

  **WHEREFORE**, for the foregoing reasons, it is hereby

  **ORDERED** that Favorite's motion to dismiss is **GRANTED** (Dkt. No. 29) and that the remaining defendants' motions to dismiss (Dkt. Nos. 31, 37, and 40) are **DENIED**; and it is further

  **ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: May 7, 2009

United States District Court Judge

6